UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. CV 12-0395-DOC(JPRx)            Date: February 6, 2012
Title: MATTHEW BLAKE MORROW -V- L. R. THOMAS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barerra | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION CONSTRUED AS TEMPORARY RESTRAINING ORDER

       Before the Court is a document titled "Emergency Motion to Move Petitioner to Safer Location" ("Motion") filed by Petitioner on January 26, 2012.  The Court DENIES this Motion.

**I. Factual Background**

       On January 17, 2012, Petitioner filed a document titled "Petition for writ of Habeas Corpus by a Person in Federal Custody," ("Petition") ostensibly pursuant to 28 U.S.C. § 2241.[1]  On January 19, 2012, the Hon. Jean Rosenbluth dismissed that Petition with leave to amend because the Petition did not seek the kind of relief available under a habeas petition.  *See* Order (Dkt. 3).  Instead, the Petition challenged the conditions of Petitioner's confinement.  *See id.*

       The present Motion similarly does not seek the kind of relief available under a habeas petition, that is, it does *not* seek to challenge the legality of Petitioner's supervised-release revocation or

---

[1] Petitioner is apparently in custody at the Metropolitan Detention Center in Los Angeles after the revocation of his supervised release for his conviction in the Northern District of California of unspecified charges.  (Pet. at 2.)  Petitioner stated in his Petition that in July 2011 he was sentenced to 12 months' imprisonment on the supervised-release violation.  (Id.).

the resulting 12month sentence.  Rather, Petitioner challenges the conditions of his confinement and seeks "relocat[ion] . . . to a surrounding jail."  Specifically, he claims that he is "in imminent danger by keeping [Petitioner] as Metropolitan Detention Center" because:

- The "unit manager" told the "Special Housing Unity (SHU)" that "your favorite need's [sic] to go in the hole," by which the unit manager meant that Petitioner would be going to SHU.  Mot. at 1.  Petitioner claims to be a "manic depressive" and that he "lost 41 pounds in a 2 month period" as a result of his "previous stay at SHU."  *Id.*

- "The same unit manager (Greer) has tried to assign the Petitioner to a work detail that would cause the Petitioner to be in immediate harm by having the Petitioner work around inmates from the unit in which he was attacked."  *Id.*  This unit has inmates who "call Petitioner 'snitch,' 'faggot,' 'bitch,'" name calling that "the staff do nothing to prevent."  *Id.*

- Petitioner claims that he is "unable to take his medication for depression due to inmate harassment."

## II.  Discussion

Petitioner's complaints about the conditions of his confinement should be brought in a civil rights complaint and action, not in a habeas petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to conditions of confinement must be brought in civil rights complaint)

A district court has the discretion to construe a habeas petition alleging civil rights violations as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 409, 30 L. Ed. 2d 418 (1971) (superseded by state on other grounds); *Hansen v. May*, 502 F.2d 728, 729 (9th Cir. 1974). The Court elects to do so here.

The Court charitably construes Petitioner's Motion, which is an ex parte communication, as a request for a temporary restraining order brought under 42 U.S.C. § 1983 and based on a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  The Court nonetheless DENIES the Motion because Petitioner has failed to exhaust his administrative remedies.  *See* 42 U.S.C. § 1997e(a) (requiring exhaustion before filing 42 U.S.C. § 1983 civil rights complaint).  The United States provides an administrative remedy process through which BOP inmates may seek formal review of any issue relating to their confinement. See 28 C.F.R. §§ 542.10-542.15.  These exhaustion requirements apply even where a petitioner seeks a temporary retraining order.  *See Allen v Hickman*, 407 F Supp 2d 1098 (N.D. Cal. 2005) (denying inmate's application for temporary restraining order staying his execution based on inadequate medical care because inmate failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e).

Accordingly the Court DENIES the Motion.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.